(32 Misc. Rep. 467.)

### RONAN v. RONAN.

(Supreme Court, Special Term, New York County. September, 1900.)

1. ALIMONY—ACTION FOR SEPARATION—MODIFICATION OF ORDER.

An order in a separation suit allowing the wife $75 a month for her own support, and $25 a month for support of the child of the parties, whom the order left to her care, will be modified so as to suspend payment of the $75 per month till determination of suit by the husband for divorce; a strong presumption that he will succeed being raised by the verdict in a divorce suit between other parties, in which she was a witness, finding the defendant therein guilty of adultery with her.

2. SAME—CONTEMPT OF COURT.

One is guilty of contempt in refusing to pay alimony, according to an order therefor, without first obtaining a modification of the order.

Action by Isabel M. Ronan for separation. Defendant moves to modify an order for alimony, and plaintiff makes a counter motion for contempt. Motions granted.

Oppenheim & Severance, for plaintiff.
Scherer, Downs & Towner, for defendant.

GILDERSLEEVE, J. The plaintiff, Isabel M. Ronan, commenced an action for a separation. Subsequently, the parties got together, and agreed to the entry of an order allowing plaintiff $75 a month for her own support, and $25 a month for the support of the child of the marriage, and also agreed upon terms of separation. The action was therefore allowed to abate, but it was especially agreed that plaintiff should reserve her right to enforce the order for alimony in case defendant failed to pay the $100 a month. Some time thereafter a certain Mrs. Link brought an action against her husband, Frederic Link, Jr., for an absolute divorce, and named Mrs. Ronan as co-respondent. Issues were framed in said action and submitted to a jury, who found that on the 28th of October, 1899, said Link had committed adultery with Mrs. Ronan. Thereafter, as appears from the affidavits handed up on this motion, a judgment of absolute divorce was granted in said action of Link v. Link. The defendant herein, Parker C. Ronan, paid the alimony of $100 a month regularly until June 1, 1900, after which date he refused to pay any more, on the ground of Mrs. Ronan's alleged adultery. Under the provisions of the said order of alimony, there is now due the sum of $300; being $100 due on July 1, $100 due on August 1, and $100 due on September 1, 1900. On or about June 26, 1900, Parker C. Ronan commenced an action for an absolute divorce against said Isabel M. Ronan, and he now makes this motion to be relieved from further payment of the alimony directed to be paid in said order. On the other hand, Mrs. Ronan moves to punish defendant for contempt in failing to pay the alimony already due, as above stated. In the Link divorce case Mrs. Ronan appears to have been a witness for the defendant Link, and the jury appear to have had her denials of guilt before them when they found that Link had committed adultery with her. It seems to me that the finding of the jury raises a strong presumption that Parker C. Ronan will succeed in his divorce case against his wife, and I am inclined to the opinion that further payment of alimony should be suspended until the determination of that action. This, however, should not relieve the defendant from continuing to provide for his child, whom the order left to the care of the mother. The child is now, it appears, 11 years of age, and should be suitably provided for by the father. The order may be, therefore, modified so as to provide for the child in a proper manner, while suspending the alimony to the wife. No costs of that motion. Settle the order on notice. So far as the other motion is concerned, it is very clear that defendant was entirely unauthorized in taking the law into his own hands, by refusing to comply with the provisions of the order without first obtaining a modification of that order. That order remains in force until it is set aside or modified, and defendant had no right to disobey its provisions. The defendant apparently admits that he has an annual income of $2,400, at least, so that no excuse is offered for his neglect to obey the order of the court.

The motion to punish the defendant for contempt must be granted, and the defendant will be imprisoned until he has purged himself of his contempt by paying the sum of $300 alimony and $10 costs of the motion.  Settle order on notice.  Ordered accordingly.